991 F.2d 790
 143 L.R.R.M. (BNA) 2936
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BRUNSWICK ELECTRIC MEMBERSHIP CORPORATION, Respondent.
 No. 92-2223.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 1, 1993
Decided: April 16, 1993
 
 On Application for Enforcement of an Order of the National Labor Relations Board. (11-CA-13446, 11-CA-13771, 11-CA-13829)
 John Harlan Fawley, NATIONAL LABOR RELATIONS BOARD, for Petitioner.
 Thomas E. Schroeder, SMITH & RUFF, Charlotte, for Respondent.
 
 
 1
 Jeffrey M. Hunter, General Counsel, Yvonne T. Dixon, Acting Deputy General Counsel, Nicholas E. Karatinos, Acting Associate
 
 
 2
 N.L.R.B.
 
 
 3
 ENFORCEMENT GRANTED.
 
 
 4
 Before LUTTIG, Circuit Judge, MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 PER CURIAM:
 OPINION
 
 5
 This case is before this court on an application for the enforcement of an Order of the National Labor Relations Board ("NLRB" or the "Board") against Brunswick Electric Membership Corporation ("Brunswick").
 
 
 6
 The issues were tried before an Administrative Law Judge ("ALJ") in June 1990. An exhaustive decision (119 pages) was rendered by the ALJ on February 27, 1992, finding that Brunswick had violated certain sections of the National Labor Relations Act ("NLRA" or the "Act"), 29 U.S.C. §§ 151-169 (1988 and Supp. III 1991). Brunswick filed exceptions with the Board. The Board subsequently affirmed the ALJ's rulings, findings and conclusions and adopted the recommended order of the ALJ.
 
 In summary the NLRB thus found:
 
 7
 1. that Brunswick violated section 8(a)(5) and (1) of the NLRA by unilaterally assigning bargaining unit work to nonunit positions without negotiating with the union;
 
 
 8
 2. that Brunswick violated section 8(a)(1) of the Act by (a) maintaining a discriminatory rule that prohibited employees from talking about the union; (b) by monitoring employees' union activities; (c) by urging employees to report subjectively perceived"union pressures"; and (d) by encouraging employees to identify employees who were union supporters;
 
 
 9
 3. that Brunswick violated section 8(a)(1) of the NLRA by threatening employees with unspecified reprisals for engaging in union activities; and
 
 
 10
 4. that Brunswick violated sections 8(a)(3) and (1) of the NLRA by suspending and discharging an employee because he engaged in union activities.
 
 
 11
 The Act requires the court to treat as conclusive any of the Board's findings of fact that are supported by substantial evidence on the record considered as a whole. 29 U.S.C. § 160(e)-(f); National Posters v. NLRB, 885 F.2d 175 (4th Cir. 1989), cert. denied, 494 U.S. 1026 (1990). A reviewing court should not displace the Board's choice between two fairly conflicting views of the evidence "even though the court would justifiably have made a different choice had the matter been before it de novo." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); NLRB v. Frigid Storage, Inc., 934 F.2d 506, 509 (4th Cir. 1991). Determinations of credibility made by the ALJ and the Board may be disturbed only when extraordinary circumstances exist, such as the ALJ's acceptance of testimony, which, on its face, is unbelievable. J. Huizinga Cartage Co. v. NLRB, 941 F.2d 616, 621 (7th Cir. 1991).
 
 
 12
 Brunswick does not contest the Board's findings that Brunswick violated sections 8(a)(5) and (1) of the Act in assigning bargaining unit work to nonunit positions without negotiations; that Brunswick violated section 8(a)(1) of the Act by enforcing a rule that prohibited employees from talking about only the union; by creating the impression of surveillance of employees' union activities; by urging employees to report subjectively perceived "union pressures"; and by encouraging employees to identify other employees who supported the union.
 
 
 13
 By failing even to file exceptions challenging these findings, section 10(e) of the Act would bar this court from reviewing them. See 29 U.S.C. § 160(e). In any event, substantial evidence in this record supports such findings.
 
 
 14
 Further review of the record discloses that under the standard of review discussed earlier herein, substantial evidence also supports the Board's findings that Brunswick violated section 8(a)(1) of the Act with the threat of reprisals against employees for engaging in union activity, in questioning and harassing employees concerning their union activities and by advising employees that bargaining was futile. And, finally, we find that there is substantial evidence to support the Board's finding that Brunswick violated sections 8(a)(1) and (3) of the Act by suspending and discharging employee George Douglas Smith because he engaged in union activities.
 
 
 15
 The Board's Order of August 27, 1992 is ordered enforced in full.
 
 
 16
 ENFORCEMENT GRANTED.